UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00269-JPH-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARREN FARRIS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:21-cr-00269-JPH-TAB |
| DARREN FARRIS, | ) ) | -1 |
| Defendant. | ) ) | |

**ORDER**

Defendant Darren Farris has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 74. In addition, Mr. Farris has filed a motion for the appointment of counsel. Dkt. 89. For the reasons explained below, both motions are **DENIED**.

**I.   Background**

In September 2022, Mr. Farris pled guilty to one count of Failure to Register Under the Sex Offender Registration and Notification Act in violation of 18 U.S.C. § 2250(a). Dkt. 68. On July 14, 2019, Mr. Farris travelled from Tampa, Florida to Indianapolis, Indiana where he resided until February 5, 2021. Dkt. 63 at 2. In 2013, Mr. Farris was convicted of Aggravated Criminal Sexual Abuse of a Minor in Lasalle County, Illinois. *Id.* at 1. As a result of his conviction, Mr. Farris knew he was required to register as a sex offender under the Sex Offender Registration and Notification Act and knowingly did not do so in Indiana. *Id.* at 1–2.

2

Mr. Farris faced a guidelines range of 33 to 41 months of imprisonment. Dkt. 57 at 20. The Court sentenced him to 24 months of imprisonment to be followed by ten years of supervised release. Dkt. 68 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Farris's anticipated release date (with good-conduct time included) as May 20, 2024. https://www.bop.gov/inmateloc/ (last visited December 12, 2023).

Mr. Farris has filed a *pro se* motion for compassionate release. Dkt. 74. Mr. Farris argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he suffers from a number of severe health conditions for which he is not receiving adequate medical care while incarcerated and that render him vulnerable to serious consequences were he to contract COVID-19, (2) he alleges ineffective assistance of counsel prevented the Court from taking his health conditions into consideration during sentencing, (3) he has been subjected to below standard conditions while incarcerated, and (4) he wishes to be home to provide care for his two minor children. Dkt. 74; Dkt. 90. The United States opposes to the motion, dkt. 80, and Mr. Farris filed a reply, dkt. 88. He has also filed a motion requesting the appointment of counsel, dkt. 89, and a supplemental brief on his motion for compassionate release, dkt. 90. The motions are now ripe.

## II.   Discussion

### A. Request for Counsel

Mr. Farris has requested the appointment of counsel to represent him in this matter.  Dkt. 89.  There is no statutory authority entitling a defendant to

counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Farris's request for the appointment of counsel is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Farris has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For these reasons, Mr. Farris has not shown that pro bono counsel

4

should be recruited and his request for assistance with recruiting counsel is therefore be denied.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker,* 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Mr. Farris's motion, as appropriate.

Mr. Farris argues that his myriad health conditions establish extraordinary and compelling circumstances. Mr. Farris states that he is

5

suffering from severe osteoarthritis requiring a double hip replacement, COPD, and diabetes. Dkt. 74 at 2. He has also suffered multiple strokes and TIAs. Dkt. 80-1 at 3. It does not appear from the record, however, that he is incapacitated or unable to provide self-care, that he is at risk of a serious deterioration of his health, or that his conditions are life-threatening. Accordingly, the Court declines to exercise its discretion to find that Mr. Farris has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason. Mr. Farris's argument that he is entitled to compassionate release due to inadequate medical care in prison might does not constitute grounds for a sentence reduction under § 3582(c)(1)(A).

Mr. Farris's concern regarding COVID-19, particularly in light of his medical conditions, is also not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Farris is vaccinated. Dkt. 80-1 at 181. Additionally, Mr. Farris "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." United States v. Barbee, 25 F.4th 531, 533

6

(7th Cir. 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court declines to exercise its discretion to find that Defendant has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Mr. Farris next argues that his trial counsel was ineffective by failing to bring his medical conditions to the attention of the Court at sentencing. Dkt. 74 at 1–2. However, the Court was in fact aware of Mr. Farris's medical conditions at the time of sentencing as the presentence investigation report detailed the medical conditions Mr. Farris discusses in his compassionate release motion.

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Defendant does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

7

Dkt. 57 at 17. This argument does not constitute an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Farris next contends that the conditions in BOP have subjected him to unduly harsh terms of incarceration. Dkt. 74 at 3. Allegations that Mr. Farris was subjected to inadequate conditions that violated his constitutional rights are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up); *United States v. Montez*, No. 22-1988, 2023 WL 3431239, at *2 (7th Cir. May 12, 2023) (noting medical issue can be addressed through vehicles other than compassionate release) (cleaned up). For this reason, the Court declines to exercise its discretion to find that Mr. Farris carried his burden to show that prison conditions constitute an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Lastly, Mr. Farris argues that he is needed at home to care for his minor children. Dkt. 74 at 3. Under the recently amended guidelines, one circumstance where an extraordinary and compelling reason for release exist is "the death or incapacitation of the caregiver of the defendant's minor child," U.S.S.G. § 1B1.13(b)(3)(A). Mr. Farris, however, has not provided evidence that the current caregiver for his children has died or is incapacitated. *See* U.S.S.G.

8

§ 1B1.13(b)(3)(A) (Nov. 2023). Therefore, the Court declines to exercise its discretion to find that Mr. Farris has met his burden to establish that caring for his children is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Mr. Farris had established an extraordinary and compelling reason, the Court would nevertheless find that Mr. Farris is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he has no disciplinary history in BOP, dkt. 80-1 at 309, and he has enrolled in GED classes, *id.* at 306. Weighing against him, Mr. Farris's crime was serious, and he has an extensive criminal history consisting of seven prior felony convictions including possession of a stolen vehicle, forgery, obstruction of justice, retail theft, violation of the sex offender registry, and aggravated criminal sexual abuse. Dkt. 57 at 6–13. Further, Mr. Farris was sentenced in this matter just over one year ago and received a below guidelines term of incarceration. As he has four months of incarceration remaining on his 24-month sentence, releasing him now would be a substantial reduction in his sentence.

---

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In light of these considerations, the Court finds that releasing Mr. Farris early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Farris's motion for compassionate release, dkt. [74], and his motion for the appointment of counsel, dkt. [89], are **DENIED**.

**SO ORDERED.**

Date: 2/12/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Darren Farris
Register Number: 56662-509
FCI Butner Medium II
Federal Correctional Institution
P.O. Box 1500
Butner, NC 27509

All electronically registered counsel